UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────

JENNIFER LYNN SCHMIGIEL,

                              Plaintiff,                    17-CV-1017Sr

v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

─────────────────────────────

## DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #14.

## BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income with the Social Security Administration ("SSA"), on October 1, 2013, alleging disability beginning January 1, 2013, when she was 21 years old, due to bipolar disorder, hypothyroidism, acid reflux and back pain. Dkt. #7 pp.201-234.

On April 5, 2016, plaintiff, represented by counsel, appeared and testified, along with an impartial vocational expert, Carol O. Mosley, before Administrative Law

Judge ("ALJ"), Susan Smith. Dkt. #7, pp. 51-92. Plaintiff testified that she injured her back working as a bus aide/teacher assistant in 2010 and subsequently injured her shoulder while working at Save-A-Lot on September 8, 2014, in between which time she worked numerous other part-time jobs. Dkt. #7, pp.59-63. Plaintiff testified that it was difficult to continue these jobs because standing for four to six hours and moving carts or lifting packs of water strained her back and that sitting still for too long also strained her back. Dkt. #7, pp.64 & 66. Chiropractic care offers relief. Dkt. #7, p.74. She also testified to pain in her right shoulder every two to three days which sometimes goes down her arm. Dkt. #7, p.67. She testified that repetitive movements caused shoulder pain and too much bending or standing caused back pain which caused her to call off from work and get fired. Dkt. #7, pp.77-78. Plaintiff testified that she could comfortably lift about five pounds and type or write for 5-10 minutes at a time. Dkt. #7, p.68.

Plaintiff obtained an Associate's Degree from Bryant & Stratton through their online education program in May of 2015. Dkt. #7, pp.58 & 69. She is able to ride the bus, walks around the block nearly every day, swims once or twice a month, grocery shops, attends church weekly, and visits her cousin at least once a week. Dkt. #7, pp.70-71. She cooks meals two or three times per week, and does dishes and vacuums, but often takes breaks. Dkt. #7, pp.75-76. Although her coworkers and managers get on her nerves, plaintiff testified that she seldom got into arguments. Dkt. #7, p.71. She believed that she was capable of following directions and getting things done at work, but couldn't take criticism. Dkt. #7, pp.73-74. At the time of her hearing,

she had been off of her psychiatric medication, but noticed no change in her mood. Dkt. #7, p.72.

When asked to assume, *inter alia*, that plaintiff is limited to light exertion and could only occasionally climb stairs and ramps, stoop, kneel, balance, crouch, crawl, and reach overhead using her right arm and could never climb ladders, ropes, or scaffolds and must avoid concentrated exposure to hazards, such as uneven terrain, unprotected heights and dangerous moving machinery; could have superficial contact with the public; could not work in teams or in tandem; could tolerate ordinary, routine levels of supervision; and was limited to a low stress environment without high production quotas, the vocational expert opined that plaintiff could perform work as a cleaner or packer, both of which were light, unskilled positions. Dkt. #7, pp.85-86. If plaintiff was also required to sit or stand as needed, the vocational expert testified that she could perform work as a final assembler, table worker or sorter, each of which were sedentary, unskilled positions. Dkt. #7, p.87. The vocational expert testified that plaintiff would not be able to perform either the light or sedentary jobs identified above if she could not perform repetitive reaching or lifting of more than ten pounds with her dominant arm. Dkt. #7, pp.88-90.

The ALJ rendered a decision that plaintiff was not disabled on May 31, 2016. Dkt. #7, p.21. The Appeals Council denied review on August 10, 2017. Dkt. #7, p.5. Plaintiff commenced this action seeking review of the Commissioner's final decision on October 10, 2017. Dkt. #1.

**DISCUSSION AND ANALYSIS**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a). The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a). At step one, the claimant must demonstrate that he or she is not engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). At step two, the claimant must demonstrate that he or she has a severe impairment or combination of impairments that limits the claimant's ability to perform physical or

mental work-related activities. 20 C.F.R. § 404.1520(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient residual functional capacity ("RFC"), for the claimant to return to past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that the claimant could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education and work experience. 20 C.F.R. § 404.1520(g).

In the instant case, the ALJ made the following findings with regard to the five-step sequential evaluation: (1) although plaintiff had worked numerous part-time jobs, plaintiff had not engaged in substantial gainful activity since January 1, 2013; (2) plaintiff's bipolar disorder, personality disorder, degenerative disc disease, right shoulder strain and morbid obesity constitute severe impairments; (3) plaintiff's impairments did not meet or equal any listed impairment; (4) plaintiff retained the capacity to perform light work with the following limitations: she can occasionally stoop, kneel, balance, crouch and crawl; occasionally reach overhead with her right upper extremity; must avoid concentrated exposure to hazards including uneven terrain, unprotected heights and dangerous moving machinery; is limited to superficial contact with the public; cannot work in teams or in tandem with others; can tolerate ordinary,

routine levels of supervision; and must work in a low stress environment; and (5) plaintiff did not have past relevant work but retained the functional capacity to work in unskilled, light positions such as inspection worker or packer and was not, therefore, disabled within the meaning of the SSA. Dkt. #7, pp. 24-44.

Plaintiff argues that the ALJ improperly rejected medical opinions from Dr. Marc Tetro, plaintiff's treating orthopedic surgeon, to the effect that plaintiff could not use her right arm to repetitively reach overhead or lift more than ten pounds above her waist with her right arm; Dr. Michael Calabrese, plaintiff's treating physician, who opined that plaintiff could only work light duty with limited and non-repetitive use of her right arm; and Dr. Kalakada, plaintiff's treating physician, who opined that plaintiff could not lift more than ten pounds. Dkt. #10-1, pp.15-18. Plaintiff argues that each of the jobs identified by the vocational expert require repetitive reaching. Dkt. #10-1, p.21. Plaintiff also challenges the vagueness of the ALJ's determination that plaintiff could work with "ordinary, routine levels of supervision." Dkt. #10-1, p.23.

The Commissioner responds that the ALJ's decision is supported by substantial evidence. Dkt. #16-1, p.19. Specifically, the Commissioner responds that the ALJ properly determined that plaintiff could occasionally reach overhead with her right upper extremity. Dkt. #16-1, p.20. The Commissioner notes that plaintiff's activities of daily living, absence of clinical findings, and normal x-rays support the ALJ's determination that plaintiff could occasionally reach overhead with her right upper extremity. Dkt. #16-1, pp.25-26.

The ALJ's determination that plaintiff could perform light work with a further limitation being that she could occasionally reach overhead with her right upper extremity does not sufficiently account for the limitations placed upon plaintiff by her treating medical providers. As set forth in the regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567.  However, Dr. Fishkin, a spinal surgeon, restricted plaintiff to lifting no more than ten pounds on June 8, 2015 after his Registered Physician's Assistant - Certified ("RPAC"), observed tenderness over the right periscapular musculature and a positive Hawkins sign of the right shoulder during examination on June 8, 2015 (Dkt. #7, pp.383-385); in September of 2015, Dr. Tetro, a shoulder specialist, continued plaintiff's restrictions of no highly repetitive overhead reaching or lifting activity with the right arm and no lifting of more than ten pounds above the waist with the right arm after his RPAC observed, *inter alia*, a mildly positive Hawkins test for rotator cuff impingement which Dr. Tetro subsequently determined was likely originating from plaintiff's cervical issues (Dkt. #7, pp.387-396); on October 23, 2015, Dr. Fishkin's Family Nurse Practitioner ("FNP"), observed tenderness over the right periscapular musculature and a positive Hawkins sign on the right shoulder and restricted plaintiff to lifting no more than ten pounds and on November 30, 2015, Dr. Fishkin observed tenderness over the right periscapular musculature and a positive Hawkins sign on the right shoulder (Dkt. #7, pp.398-402); and on December 10, 2015, plaintiff's primary care physician, Dr. Calabrese, observed mildly positive Hawkins impingement of the right shoulder as well as tenderness and spasms of the thoracolumbar spine bilaterally, diagnosed plaintiff with right shoulder sprain/strain;

thoracic sprain/strain and right shoulder impingement and prescribed physical therapy and restricted plaintiff to limited and no repetitive use of her right arm. Dkt. #7, pp.408-409. Where, as here, an ALJ fails to provide a basis for rejecting the limitations imposed by multiple health care providers upon plaintiff's ability to lift as required to perform light work, the determination that plaintiff could perform light work is not supported by substantial evidence. *Hofsommer v. Berryhill*, 332 F. Supp.3d 519, 533-535 (S.D.N.Y. 2018); *See Anderson v. Massanari*, 210 F. Supp.2d 103, 110 (D. Ct. 2002) ("an individual with a weight restriction of ten pounds cannot perform a full range of light work.").

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Dkt. #10), is granted; the Commissioner's motion for judgment on the pleadings (Dkt. #16), is denied; and this matter is remanded for further proceedings consistent with this Decision.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**DATED:** Buffalo, New York
June 4, 2019

    *s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**